UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA LANDMASTERS, LLC,
et al.,

    Appellants,

v.                                 CASE NO. 8:11-CV-2285-T-17
                                   CASE NO. 8:11-CV-2286-T-17

AMERICAN MOMENTUM BANK,

    Appellee.

_____/

ORDER

This cause is before the Court on:

Dkt. 28    Renewed Motion for Appellate Attorney's Fees

Appellee American Momentum Bank moves for the award of appellate attorney's fees in the amount of $20.683.40. Appellee reserves its right to seek costs pursuant to Federal Rule of Bankruptcy Procedure 8014.

Appellee's Motion is supported by an Affidavit (Dkt. 28-1), which sets forth the amount of time incurred, years of experience as of 2012, and current hourly rate for each individual who worked on the appeals.

Appellant has not filed a response in opposition to Appellee's Motion.

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

I. Entitlement to Award of Attorney's Fees

The Loan Documents (Loan Agreement, Note Guaranties) provide for the award of reasonable attorney's fees to the Lender in connection with the collection and enforcement of Borrowers' obligations and Guarantors' obligations to the Lender. The case was an appeal of the Bankruptcy Court's order granting summary judgment to Appellant American Momentum Bank, and entering a Foreclosure Judgment in favor or American Momentum Bank, and the Bankruptcy Court's Order granting summary judgment to American Momentum Bank as to the Appellants' Counterclaim. (Dkt. 27).

The Court initially determined an Emergency Motion to Stay. Thereafter, Appellants filed their Brief, and Appellee filed its Brief. After these appeals were fully briefed, Appellee settled with some Appellants. That settlement was approved by the Bankruptcy Court. The Court affirmed the Orders and Judgment of the Bankruptcy Court as to the remaining Appellants. Therefore, Appellee American Momentum Bank is the prevailing party in these consolidated appeals.

II. Determination of Amount of Award

After determining Appellee's entitlement to an award of attorney's fees, the Court must determine a reasonable amount of fees to award to Appellee. In fashioning an attorney's fee award, the Eleventh Circuit applies the "lodestar" method, wherein the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. The "lodestar" may then be adjusted for the results obtained. <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1989). The party seeking fees bears the burden of establishing entitlement to reasonable hourly rates and the documenting of reasonable hours expended. <u>American Civil Liberties Union of</u>

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The Court may also use its own judgment and expertise to make an appropriate independent assessment of the value of an attorney's services. Norman, 836 F.2d at 1303.

A. Reasonable Rate

A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Norman, 836 F.2d at 1299. "Market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case. Barnes, 168 F.3d at 437. Appellee has not proffered any evidence of rates customarily charged by Orlando area attorneys in similar cases. The Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees. Loranger v. Stierham, 10 F.3d 776, 781 (11th Cir. 1994). Previous hourly rate awards are not given controlling weight, but do provide some insight. Galdames v. N & D Inv. Corp., 432 Fed. Appx. 801, 807 (11th Cir. 2011). The Court notes that the majority of the time expended on this case was for Virginia Townes, who has 28 years of experience, 35.7 hours at $495 per hour. That rate has been found to be reasonable in other cases. Yellow Cab Co. of Orlando, Inc. v. Celebration Transp., Inc., 2013 WL 656339 (M.D. Fla. 2013).

Based on the Court's knowledge and experience, the Court finds that the hourly rates are reasonable.

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

B.  Hours Reasonably Expended

The total time expended for this case is 46.05 hours. There is no objection that the time expended by Appellee's counsel is excessive. Based on the Court's knowledge and experience, the Court finds that the amount of time expended is reasonable.

After consideration, having determined the reasonableness of the hourly rate and amount of time expended, the Court grants the Renewed Motion for Appellate Attorney's Fees in the amount of $20,683.40. Accordingly, it is

**ORDERED** that the Renewed Motion for Appellate Attorney's Fees (Dkt. 28) is **granted**, and Appellee American Momentum Bank is awarded attorney's fees in the amount of $20,683.40.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of June, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record